IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LONNIE E. LARSON, | ) | CIVIL NO. 08-00537 SOM/KSC |
| | ) | |
| Plaintiff, | ) | ORDER DENYING LARSON'S MOTION |
| | ) | TO STRIKE THE MOTION TO |
| vs. | ) | DISMISS (DOC. NO. 54); ORDER |
| | ) | GRANTING IN PART AND DENYING |
| DARWIN CHING, Director of the | ) | IN PART MOTION TO DISMISS |
| Department of Labor, State of | ) | (DOC. NO. 39); ORDER DENYING |
| Hawaii, | ) | AS MOOT MOTION FOR DEFAULT |
| | ) | JUDGMENT (DOC. NO. 65); ORDER |
| Defendant. | ) | DENYING LARSON'S MOTION TO |
| _____ | ) | STRIKE HIS OWN STATEMENT |
| | | (DOC. NO. 57) |

ORDER DENYING LARSON'S MOTION TO STRIKE THE MOTION TO DISMISS (DOC. NO. 54); ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS (DOC. NO. 39); ORDER DENYING AS MOOT MOTION FOR DEFAULT JUDGMENT (DOC. NO. 65); ORDER DENYING LARSON'S MOTION TO STRIKE HIS OWN STATEMENT (DOC. NO. 57)

I.    INTRODUCTION AND BACKGROUND.

In a Complaint that is difficult to decipher,[1] Plaintiff Lonnie E. Larson alleges that he was injured by lightning while working on a construction project on the Big Island of Hawaii. Larson alleges that he had to seek medical treatment on the mainland for his injuries. According to Larson, Darwin Ching, the Director of the State of Hawaii Department of Labor, failed to reasonably accommodate Larson's alleged disabilities, apparently by what Larson concludes was the

---

[1] Larson filed his "Complaint" on October 20, 2008. That document, by itself, fails to allege any fact or assert any cause of action. Instead, it incorporates by reference the facts and claims set forth in a separate document filed the same day. The court deems Larson's claims to be stated in the combination of the "Complaint" and the facts and documents in the accompanying document.

improper handling of his workers' compensation claim.  Larson says Ching thereby violated Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131-34, which generally prohibits discrimination against a qualified individual with a disability with respect to participation in or benefits from the services, programs, or activities of a public entity.  Larson similarly claims a violation of section 504 of the Rehabilitation Act, 29 U.S.C. § 794, which generally prohibits disability discrimination under any program or activity receiving federal financial assistance.  Finally, Larson asserts that, under Hawaii's workers' compensation law, specifically section 386-56 of the Hawaii Revised Statutes, Ching should have granted Larson Total Temporary Disability compensation from a Special Compensation Fund.  Larson seeks millions of dollars in damages.

On March 13, 2009, Ching moved to dismiss the Complaint, arguing that the state-law claim is not properly before this court, that he has Eleventh Amendment immunity, and that Larson has failed to exhaust his administrative remedies. The court grants the motion in part and denies it in part.  The court grants that motion with respect to the state-law claim, as that claim must be decided by Ching, with any appeal going to the Labor and Industrial Relations Appeal Board, and any further appeal going to the Intermediate Court of Appeals for the State of Hawaii ("ICA").  The court denies the motion to the extent it

asserts that Ching has Eleventh Amendment immunity with respect to the ADA and the Rehabilitation Act claims.

On April 6, 2009, Larson moved to strike the motion to dismiss. That motion is denied, as the motion to dismiss was properly filed.

On April 8, 2009, Larson moved for default judgment. That motion is denied because, at the time it was filed, Ching had a pending motion to dismiss the Complaint and because default has not been entered.

On April 6, 2009, Larson filed a motion to strike any previous statement by him that the Clerk of Court had entered default against Ching. That motion is denied, as the record speaks for itself and indicates that default has not been entered.

The court decides these motions without a hearing pursuant to Local Rule 7.2(d).

II.     LARSON'S MOTION TO STRIKE CHING'S MOTION TO DISMISS IS DENIED.

On April 6, 2009, Larson filed a motion to strike Ching's motion to dismiss. See Doc. No. 54. Larson appears to be complaining that the motion to dismiss should be stricken because Ching mistakenly listed the case number as Civil Number 08-00537 SOM/BMK, rather than 08-00537 SOM/KSC. However, on March 19, 2009, the court informed the parties of the mistake, telling them to use the correct case designation and informing

them that no further action was necessary to correct Ching's mistake. Because the motion to dismiss was filed in the correct case and was properly served on Larson, Larson suffered no prejudice and has demonstrated no basis for striking the motion. Accordingly, Larson's motion to strike Ching's motion to dismiss, Docket Number 54, is denied.

III.   THE MOTION TO DISMISS IS GRANTED IN PART AND DENIED IN PART.

    A.   Larson's Section 386-56 Claim Is Dismissed, As the Director of the Department of Labor and Industrial Relations Has Original Jurisdiction Over that Claim and Any Decision by the Director Must be Appealed to the Labor and Industrial Relations Appeal Board and then to the ICA.

Larson asserts that, under section 386-56 of the Hawaii Revised Statutes, Ching is required to pay Larson's workers' compensation claim from a Special Compensation Fund. In relevant part, section 386-56 states: "Where an injured employee or the employee's dependents fail to receive prompt and proper compensation and this default is caused through no fault of the employee, the director shall pay the full amount of all compensation awards and benefits from the special compensation fund to the employee or dependent."

Ching's motion to dismiss argues that Larson's claim is not enforceable in this court, as section 386-73 of the Hawaii Revised Statutes states:

4

> Unless otherwise provided, the director of labor and industrial relations shall have original jurisdiction over all controversies and disputes arising under this chapter.  The decisions of the director shall be enforceable by the circuit court as provided in section 386-91.  There shall be a right of appeal from the decisions of the director to the appellate board and thence to the intermediate appellate court, subject to chapter 602, as provided in sections 386-87 and 386-88, but in no case shall an appeal operate as a supersedeas or stay unless the appellate board or the appellate court so orders.

Although section 386-73 gives Ching, as the director of the Department of Labor and Industrial Relations, "jurisdiction" over Larson's claim that he should be paid under section 386-56, this court does not treat section 386-73 as affecting this court's subject matter jurisdiction.  Given Larson's separate claims under the ADA and the Rehabilitation Act, this court has supplemental jurisdiction over Larson's state law claim.  The court therefore analyzes Ching's motion to dismiss the state-law workers' compensation claim under Rule 12(b)(6), as it essentially argues that Larson does not state a claim upon which relief can be granted in this court.

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  Fed'n of African Am.

Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996).  However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988, as amended by 275 F.3d 1187 (9th Cir. 2001); Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).  Additionally, the court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint.  Sprewell, 266 F.3d at 988.  Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory.  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984)).

This court dismisses Larson's section 386-56 claim.  Under section 386-73, Larson's section 386-56 claim must be decided by Ching.  If Larson is dissatisfied with Ching's determination of his claim under section 386-56, Larson's remedy is to appeal that determination to the Labor and Industrial Relations Appeal Board and then to the ICA.  See Haw. Rev. Stat. § 386-73; see also Travelers Ins. Co. v. Haw. Roofing, Inc., 64

6

Haw. 380, 387, 641 P.2d 1333, 1338 (1982) (holding that the exclusive remedy regarding a workers' compensation appeal is with the Labor and Industrial Relations Appeal Board and that a party may not seek to enjoin a workers' compensation decision in state court). Larson may not seek a remedy under section 386-73 in either a state trial court or this court.

Larson's state-law claim under chapter 386, Hawaii Revised Statutes, is therefore dismissed.

> B. Ching Does Not Have Eleventh Amendment Immunity With Respect to Larson's Claims Under Title II of the ADA and Section 504 of the Rehabilitation Act.

Ching also seeks dismissal of Larson's claims under Rule 12(b)(1) of the Federal Rules of Civil Procedure on Eleventh Amendment immunity grounds. Whether this court should analyze Ching's immunity argument as an attack on this court's subject matter jurisdiction under Rule 12(b)(1) or as an attack on the sufficiency of Ching's claims under Rule 12(b)(6) is unclear.

Appellate courts have not been consistent in discussions of whether Eleventh Amendment immunity is jurisdictional. The Supreme Court, for example, has stated that the "fact that the State appeared and offered defenses on the merits does not foreclose consideration of the Eleventh Amendment issue; 'the Eleventh Amendment defense sufficiently partakes of

7

the nature of a jurisdictional bar' that it may be raised at any point of the proceedings." Fla. Dept. of State v. Treasure Salvors, 458 U.S. 670, 683 n.18 (1982) (quoting Edelman v. Jordan, 415 U.S. 651, 678 (1974)); accord Cal. Franchise Tax Bd. v. Jackson (In re Jackson), 184 F.3d 1046, 1048 (9th Cir. 1999) ("Eleventh Amendment sovereign immunity limits the jurisdiction of the federal courts and can be raised by a party at any time during judicial proceedings or by the court sua sponte."). Yet some decisions have noted that Eleventh Amendment immunity may be waived. See Coll. Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 675 (1991); ITSI TV Prods., Inc. v. Agric. Assocs., 3 F.3d 1289, 1291-92 (9th Cir. 1993); Hill v. Blind Indus. & Servs. of Md., 179 F.3d 754, 760, as amended, 201 F.3d 1186 (9th Cir. 1999). Under this second line of cases, Eleventh Amendment immunity is treated as an affirmative defense. ITSI, 3 F.3d at 1291-92.

  The Ninth Circuit has attempted to reconcile these cases, calling states' Eleventh Amendment immunity "quasi-jurisdictional." Bliemeister v. Bliemeister (In re Bliemeister), 296 F.3d 858, 861 (9th Cir. 2002). Under Bliemeister, sovereign immunity "may be forfeited where the state fails to assert it and therefore may be viewed as an affirmative defense." Id.

Following <u>Bliemeister</u>, the Ninth Circuit has not expressly provided guidance on whether or when Eleventh Amendment immunity should be analyzed under Rule 12(b)(1) or Rule 12(b)(6). This court need not resolve which rule to apply here, as both rules use the same standard under the circumstances presented.

Rule 12(b) of the Federal Rules of Civil Procedure now reads: "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction; . . . (6) failure to state a claim upon which relief can be granted." Because no substantive change to Rule 12 was intended by the 2007 amendments, <u>see</u> Rule 12 Advisory Committee Notes, 2007 Amendments, the court interprets the current rules by applying precedent related to the prior versions of Rule 12(b)(1) and Rule 12(b)(6).

In asserting immunity based on the allegations of the Complaint, Ching is either facially attacking this court's subject matter jurisdiction under Rule 12(b)(1), <u>see</u> <u>Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.</u>, 594 F.2d 730, 733 (9th Cir. 1979), or seeking dismissal for failure to state a claim under Rule 12(b)(6). Under either rule, this court assumes that Larson's factual allegations are true and draws all reasonable

9

inferences in his favor.  Compare Doe v. See, 557 F.3d 1066, 1073 (9th Cir. 2009) (discussing Rule 12(b)(1) standard), with William O. Gilley Enters., Inc. v. Atl. Richfield Co., 2009 WL 878979, *2, __ F.3d ___ (9th Cir. Apr. 3, 2009) (discussing Rule 12(b)(6) standard).

Under the Eleventh Amendment, a state is immune from certain actions brought in federal court by her own citizens or citizens of other states.  Papasan v. Allain, 478 U.S. 265, 276 (1986); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100, 106 (1984); Mitchell v. Los Angeles Cmty. Coll. Dist., 861 F.2d 198, 201 (9th Cir. 1989).  Federal court actions against agencies or instrumentalities of a state are also barred by the Eleventh Amendment.  Pennhurst, 465 U.S. at 100; Shaw v. State of Cal. Dept. of Alcoholic Beverage Control, 788 F.2d 600, 603 (9th Cir. 1986).  A suit against state officials, in their official capacities, is a suit against the state itself and therefore is also subject to the Eleventh Amendment bar.  Will, 491 U.S. at 71 ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office"); Pennhurst, 465 U.S. at 101 ("The Eleventh Amendment bars a suit against state officials when 'the state is the real, substantial party in interest.'") (citing Ford

Motor Co. v. Dep't of Treasury, 323 U.S. 459, 464 (1945)). Unless the state unequivocally waives Eleventh Amendment immunity or Congress exercises its power under the Fourteenth Amendment to override that immunity, the state, its agencies, and its officials acting in their official capacities are therefore immune from suit under the Eleventh Amendment.[2]  Will, 491 U.S. at 71; Pennhurst, 465 U.S. at 100.

Ching seeks dismissal on Eleventh Amendment immunity grounds, contending that, because he is sued in his official capacity, Larson is suing the State of Hawaii.  However, Ching fails to discuss whether states have such immunity with respect to claims under Title II of the ADA or under section 504 of the Rehabilitation Act.  As Congress has validly abrogated the states' Eleventh Amendment immunity with respect to claims under Title II of the ADA, Ching is not immune with respect to such

---

[2]There is an exception to this rule that is not applicable here.  When a plaintiff sues a state official alleging a violation of federal law, the federal court may enjoin the official's future conduct, but may not award retroactive monetary relief.  Pennhurst, 465 U.S. at 102-03; see also Will, 491 U.S. at 71 n.10 ("a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the state'") (quoting Kennedy v. Graham, 473 U.S. 159, 167 n.14 (1985)); Los Angeles County Bar Ass'n v. Eu, 979 F.2d 697, 704 (9th Cir. 1992) (noting that the Eleventh Amendment is not a bar to "actions seeking only prospective declaratory or injunctive relief against state officers in their official capacities").  Larson is seeking only damages, not prospective declaratory or injunctive relief.

claims. See Phiffer v. Columbia River Corr. Inst., 384 F.3d 791, 792 (9th Cir. 2004) ("Our precedent clearly commands the conclusion that the State is not entitled to Eleventh Amendment immunity under Title II of the ADA."); Hanson v. Med. Bd. of Cal., 279 F.3d 1167, 1170 (9th Cir. 2002) ("We have previously held that in enacting Title II of the ADA Congress validly abrogated state sovereign immunity, and thus states and their agencies may be sued pursuant to Title II."); Dare v. State of Cal., Dep't of Motor Vehicles, 191 F.3d 1167, 1173 (9th Cir. 1999) ("This Circuit has held that in enacting Title II of the ADA, Congress validly abrogated state sovereign immunity pursuant to its Fourteenth Amendment powers.").

Nor does Ching have Eleventh Amendment immunity with respect to Larson's claims under section 504 of the Rehabilitation Act, as the Ninth Circuit has held that, by accepting federal Rehabilitation Act funds, states waive their Eleventh Amendment immunity. Phiffer, 384 F.3d at 792 ("our precedent is clear that the State waived its Eleventh Amendment immunity under Section 504 of the Rehabilitation Act by accepting federal funds"); Pugliese v. Dillenberg, 346 F.3d 937, 938 (9th Cir. 2003) (per curiam) ("The State of Arizona validly waived its sovereign immunity under the Eleventh Amendment to claims brought

pursuant to § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, et seq., when it accepted federal Rehabilitation Act funds."); Miranda B. v. Kitzhaber, 328 F.3d 1181, 1186 (9th Cir. 2003) ("We must therefore conclude that, because the State voluntarily accepted federal funds under Section 504, it has waived its right to immunity from suit under the Eleventh Amendment.").

Accordingly, to the extent Ching's motion to dismiss seeks dismissal of the Title II ADA claim and the section 504 claim on Eleventh Amendment immunity grounds, it is denied.

IV.     LARSON'S MOTION FOR DEFAULT JUDGMENT IS DENIED.

On April 8, 2009, while Ching's motion to dismiss was pending, Larson filed a motion for default judgment. See Doc. No. 65. That motion is denied.

As this court has previously explained to Larson, default judgment is a two-part process. See Larson v. Ching, 2009 WL 838266 (D. Haw. Mar. 30, 2009). Under Rule 55(a) of the Federal Rules of Civil Procedure, default may be entered against a party who fails to plead or otherwise defend itself in a case. Under Rule 55(b) of the Federal Rules of Civil Procedure, default judgment may be entered after the entry of default. As demonstrated by Ching's motion to dismiss, Ching has been

defending himself against Larson's Complaint. Accordingly, the Clerk of Court has not entered default. And because default has not been entered, Larson cannot seek default judgment. See Schoenlein v. Frank, 2009 WL 650273, *1 (D. Haw. 2009) ("Default judgment can only be entered against a defendant against whom default has been entered." (quotations omitted)); Brooks v. United States, 29 F. Supp. 2d 613, 618 (N.D. Cal. 1998) ("As default has not been entered against defendant Babbitt, the entry of default judgment would be inappropriate. The entry of default judgment is a two-part process; default judgment may be entered only upon the entry of default by the Clerk of the Court.").

V.      LARSON'S MOTION TO STRIKE HIS OWN STATEMENT IS DENIED.

On April 6, 2009, Larson filed a motion to strike his own statement that the Clerk of Court has entered default against Ching. See Doc. No. 57. That motion is denied. The record speaks for itself and indicates that the Clerk of Court has not entered default against Ching.

VI.     CONCLUSION.

For the foregoing reasons, the court: 1) denies Larson's motion to strike Ching's motion to dismiss (Doc. No. 54); 2) grants Ching's motion to dismiss (Doc. No. 39) Larson's chapter 386 claim but denies the motion to the extent it seeks

dismissal of the ADA and Rehabilitation Act claims on Eleventh Amendment immunity grounds; 3) denies Larson's motion for default judgment (Doc. No. 65); and 4) denies Larson's motion to strike his own statement (Doc. No. 57).

This order leaves for further adjudication Larson's claims under Title II of the ADA and under section 504 of the Rehabilitation Act.  This court expresses no opinion as to the validity of those claims.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 16, 2009.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Larson v. Ching; Civil No. 08-00537 SOM/KSC; ORDER DENYING LARSON'S MOTION TO STRIKE THE MOTION TO DISMISS (DOC. NO. 54); ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS (DOC. NO. 39); ORDER DENYING AS MOOT MOTION FOR DEFAULT JUDGMENT (DOC. NO. 65); ORDER DENYING LARSON'S MOTION TO STRIKE HIS OWN STATEMENT (DOC. NO. 57)