IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LONNIE E. LARSON, | ) | CIVIL NO. 08-00537 SOM/KSC |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING FIRST |
| | ) | AMENDED COMPLAINT; ORDER |
| vs. | ) | DENYING AS MOOT MOTION TO |
| | ) | CONTINUE HEARING |
| DARWIN CHING, Director of the | ) | |
| Department of Labor, State of | ) | |
| Hawaii, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DISMISSING FIRST AMENDED COMPLAINT;
ORDER DENYING AS MOOT MOTION TO CONTINUE HEARING

I.      INTRODUCTION AND BACKGROUND.

On May 7, 2009, Plaintiff Lonnie E. Larson filed a First Amended Verified Complaint ("FAC").  Larson alleges that, in 2002, he was struck by lightning while working for Altres Staffing, Inc.  See FAC (May 7, 2009) ¶¶ 8, 10.

Larson sought workers' compensation benefits from the workers' compensation insurance carrier for Altres.  See id. ¶¶ 10, 21.  Larson also sought payment of workers' compensation benefits from the State of Hawaii's Special Compensation Fund pursuant to section 386-56 of the Hawaii Revised Statutes.  Id. ¶ 20.  Larson says that Defendant Darwin Ching, the Director of the State of Hawaii Department of Labor, has refused to pay those benefits from the Special Compensation Fund.  Id. ¶ 23.

In a letter dated July 30, 2008, Ching told Larson that, to be eligible for payment from the Special Compensation

Fund, his "workers' compensation claim must first be determined to be a covered work injury that would entitle [him] to workers' compensation benefits under Workers' Compensation Law."  Letter from Darwin Ching to Lonnie Larson (July 30, 2008) (attached to FAC as attachment 17); FAC ¶ 27.  Ching told Larson that, "Until this issue is resolved, [Larson's] request for Temporary Total Disability benefits from the Special Compensation Fund cannot be addressed and remains premature."  See Letter from Darwin Ching to Lonnie Larson (July 30, 2008).  Ching volunteered to attempt to assist Larson in moving forward with his workers' compensation claim with Liberty Mutual, saying that he would arrange to schedule Larson's claim for a hearing as soon as practicable.  Ching noted that Larson had told Ching that Larson was unable to travel to Hawaii or participate by teleconference, and suggested that Larson talk with his workers' compensation attorney and make "reasonable suggestions" for conducting a hearing.  Id.

Larson responded by writing a letter to Ching, telling Ching that his suggestion was "very impracticable and inappropriate."  See Letter from Lonnie Larson to "Darrell" Ching (Aug. 27, 2008) (attached to the FAC as Attachment 18).

There is no allegation in the FAC that clearly indicates that Larson's claim is or should have been a covered workers' compensation claim that Liberty Mutual has refused to pay.

2

The FAC asserts that Ching, under section 386-56 of the Hawaii Revised Statutes, should have paid his workers' compensation claim from the Special Compensation Fund. FAC, Count I. The FAC asserts that, in refusing to pay his workers' compensation claim from the Special Compensation Fund, Ching violated Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, and Chapter 368 of the Hawaii Revised Statutes, because that refusal amounted to discrimination based on Larson's disability. FAC, Counts II and III. The FAC asserts that Ching violated 42 U.S.C. § 1983, misidentified as § 1986, by depriving Larson of a protected property interest in his employment and workers' compensation claim and by denying Larson a protected liberty interest in the fair and timely adjudication of his workers' compensation claim.

On May 26, 2009, Ching filed a Motion to Dismiss. That motion is granted without a hearing. Because the court grants the motion without a hearing, it is unnecessary to continue the scheduled hearing, as requested by Larson to accommodate a conflict in his schedule.

II.     STANDARD.

Although Ching did not clearly state which subsection of Rule 12 of the Federal Rules of Civil Procedure his motion was brought under, the court deems it to be a motion under Rule

12(b)(6), which permits dismissal of a complaint when it fails "to state a claim upon which relief can be granted."

Under Rule 12(b)(6), review is generally limited to the contents of the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996). If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment. See Keams v. Tempe Tech. Inst., Inc., 110 F.3d 44, 46 (9th Cir. 1997); Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996). However, courts may "consider certain materials--documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice--without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Documents whose contents are alleged in a complaint and whose authenticity is not questioned by any party may also be considered in ruling on a Rule 12(b)(6) motion to dismiss. See Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006); Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996). However, conclusory allegations of law, unwarranted

deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss.  <u>Sprewell</u>, 266 F.3d at 988.  Additionally, the court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint.  <u>Sprewell</u>, 266 F.3d at 988.  Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory.  <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1988) (citing <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 533-34 (9th Cir. 1984)).

"[T]o survive a Rule 12(b)(6) motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted); <u>accord</u> <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and

5

conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. The complaint must "state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

III.     ANALYSIS.

On April 16, 2009, this court dismissed the section 386-56 claim asserted in Larson's original Complaint. Larson's FAC has reasserted the same claim. Accordingly, for the reasons set forth in this court's April 16, 2009, order, Larson's 386-56 claim (FAC, Count I) is dismissed.

The remainder of the FAC is also dismissed for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure. Larson's remaining claims against Ching fail to meet Rule 8(a)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." See Fed. R. Civ. P. 8(a)(2). Although the FAC is lengthy, it is utterly confusing, failing to do more than simply claim, in a conclusory fashion, that Ching discriminated against Larson based on Larson's disability (Counts II and III) and violated § 1983 (Count IV). The FAC does not allege facts demonstrating that Larson is or may be entitled to relief from the Special Compensation Fund. That

is, Larson does not allege that his workers' compensation claim is or should be covered and that Liberty Mutual has refused to pay the valid claim. To the contrary, the documents attached to the FAC indicate that Larson has not even completed the workers' compensation claim process. Without factual allegations indicating a right to receive benefits from the Special Compensation Fund, Larson's conclusory allegations of discrimination and deprivation of rights in violation of § 1983 do not satisfy the notice pleading requirements, as Larson's factual allegations do not allow this court to draw the reasonable inference that Ching is liable for the misconduct alleged. See Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 555. Accordingly, Counts II through IV are dismissed.

IV.     CONCLUSION.

The court grants Ching's motion to dismiss without a hearing pursuant to Local Rule 7.2(d), which gives this court discretion to rule on any motion without a hearing. Because this court can decide Ching's motion without a hearing, it is unnecessary for the court to continue the motion to accommodate a conflict in Larson's schedule. Accordingly, Larson's August 3, 2009, motion to continue the scheduled hearing is denied.

Larson is given leave to file a Second Amended Complaint against Ching no later than August 25, 2009. In any Second Amended Complaint, Larson should include "a short and

plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that the Second Amended Complaint should clearly allege facts demonstrating that Larson is entitled to relief from Ching.

If Larson fails to timely file a Second Amended Complaint, the Clerk of Court is directed to enter judgment in favor of Ching. If Larson timely files a Second Amended Complaint, however, the Second Amended Complaint will then be adjudicated.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 5, 2009.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Larson v. Ching; Civil No. 08-00537 SOM/KSC; ORDER DISMISSING FIRST AMENDED COMPLAINT; ORDER DENYING AS MOOT MOTION TO CONTINUE HEARING