IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LONNIE E. LARSON, ) | CIV. NO. 08-537 SOM/KSC |
| ) | |
| Plaintiff, ) | |
| ) | ORDER GRANTING DEFENDANT'S |
| vs. ) | MOTION TO DISMISS |
| ) | |
| DARWIN CHING, Director of the ) | |
| Department of Labor, State of ) | |
| Hawaii, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Plaintiff Lonnie E. Larson ("Larson") has filed a Second Amended Verified Complaint reasserting essentially the same matters that this court earlier ruled failed to state a claim. Defendant Darwin Ching ("Ching") moves to dismiss the Second Amended Verified Complaint, arguing that it again fails to state any claim upon which relief may be granted. This court grants the motion to dismiss filed by Ching.

I.    BACKGROUND.

Larson alleges that, on February 26, 2002, he was struck by lightning while working as an employee of Altres Staffing, Incorporated, on a construction project on the Big Island. Second Amended Verified Compl. ("SAV Compl.") ¶ 1. Larson maintains that he is permanently disabled as a result. He says his former employer's insurance company, Liberty Mutual Insurance ("Liberty Mutual"), submitted a worker's compensation form on his behalf to the Department of Labor and Industrial

Relations of the State of Hawaii ("DLIR") shortly after he was injured. Id. ¶ 4. On June 4, 2002, the DLIR notified Liberty Mutual that Larson may have suffered a compensable injury, and that Liberty Mutual may request a hearing to determine if Larson's injury was compensable. Letter from Glenn Nakamura, Labor Programs Field Manager, to Theresa Boller (June 4, 2002) (attached as Exh. 9 to SAV Compl.). Larson alleges that, on June 26, 2002, Liberty Mutual requested a hearing. SAV Compl. ¶ 8. Larson further alleges that, at Liberty Mutual's request, he submitted to two medical examinations. Id. ¶ 9. It is unclear whether a hearing occurred.[1]

Larson now sues Darwin Ching, the Director of the DLIR, alleging that he is entitled to compensation for his injuries. The crux of the Second Amended Verified Complaint is that Ching should compensate Larson around nine million dollars from a

---

[1] Exhibits attached to the Complaint fill in only some missing details. In 2008, Larson alleges that Liberty Mutual did not provide "proper medical care or benefits." Letter from Lonnie Larson to Director Ching (Mar. 6, 2008) (attached as Exh. 13 to SAV Compl.). On March 6, 2008, Larson filed a claim for workers' compensation benefits with the DLIR. See Exh. 13. It is not clear from the record before this court if a hearing resolving whether Larson's injury was a covered work injury entitling him to worker's compensation benefits was held. See Letter from Darwin Ching to Lonnie Larson (July 30, 2008) (attached as Exh. 18 to SAV Compl.) (stating that a hearing to determine whether Larson is entitled to benefits would be scheduled as soon as practicable); see also letter from Darwin Ching to Lonnie Larson (Oct. 7, 2008) (attached as Exh. 24 to SAV Compl.)(noting that some of Larson's concerns would be addressed at the hearing).

statutorily created "Special Compensation Fund" to make up for payments Liberty Mutual did not make. Larson is neither suing Liberty Mutual nor alleging that his worker's compensation claim was denied.

Larson asserts four claims against Ching. First, he asserts that Ching violated Hawaii worker's compensation law by failing to pay him from the "Special Compensation Fund." SAV. Compl. ¶¶ 34, 35. Second, he asserts a claim under the Americans with Disabilities Act, 42 U.S.C. ¶¶ 12131-34 ("ADA"), stating that Ching discriminated against him and did not reasonably accommodate his disability when Ching failed to compensate him from that Special Compensation Fund. Third, he claims that Ching violated Hawaii civil rights laws, for the same reasons that Ching violated the ADA. Finally, he asserts a § 1983 claim stating that Ching has deprived him of his "protected property" and his liberty interest in his "employment and workers' compensation claim." SAV Compl. ¶ 55. On September 3, 2009, Ching filed a motion to dismiss the Complaint, pursuant to Rule 12 of the Federal Rules of Civil Procedure.

This is not Larson's first Complaint before the court. Larson filed suit in December 2008. Larson then filed a First Amended Verified Complaint on May 7, 2009. On August 5, 2009, the court dismissed the First Amended Verified Complaint because it failed to state a claim for relief under Rule 12 of the Federal Rules of Civil Procedure. The First Amended Verified

Complaint was "utterly confusing" and stated in only conclusory fashion that Ching had discriminated against Larson.  Larson v. Ching, NO. 08-537, 2009 WL 2391399, at *3 (D. Haw. Aug. 5, 2009). On August 24, 2009, Larson filed a Second Amended Verified Complaint.

The court decides this motion without a hearing pursuant to Local Rule 7.2(d), which gives this court discretion to rule on any motion without a hearing.

II.     STANDARD OF REVIEW.

Under Rule 12(b)(6), review is generally limited to the contents of the complaint.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment.  See Keams v. Tempe Tech. Inst., Inc., 110 F.3d 44, 46 (9th Cir. 1997); Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996).  However, courts may "consider certain materials--documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice--without converting the motion to dismiss into a motion for summary judgment."  United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir.

1996).  To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 554).

A Rule 12(b)(6) motion may be based on either or both of two grounds: (1) a challenge to the sufficiency of the pleading under Rule 8(a)(2); or (2) a challenge to the legal cognizability of the claim. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984)).

III.    ANALYSIS.

   A.   Larson's Section 386-56 Claim is Dismissed, As The Director of the DLIR Has Exclusive Original Jurisdiction Over That Claim, and Any Decision by The Director Must be Appealed to the Labor and Industrial Relations Appeals Board and Then to The ICA.

In the Second Amended Verified Complaint, Larson once again asserts that Ching violated Hawaii worker's compensation law by "failing to provide prompt and proper compensation to [Larson]."  SAV Compl. ¶ 34.  Larson asserts that Ching is required to pay him from a Special Compensation Fund, as

5

established in section 386-56 of the Hawaii Revised Statutes.[2] Because the court cannot adjudicate this claim, the court dismisses it.

Chapter 386 of the Hawaii Revised Statutes worker's compensation law specifies procedures to be followed by a claimant and mandates that the director of the DLIR has original jurisdiction over all controversies arising under the worker's compensation laws. See Haw. Rev. Stat. § 386-73 ("Unless otherwise provided, the director of labor and industrial relations shall have original jurisdiction over all controversies and disputes arising under this chapter."). The Hawaii Supreme Court has noted that the DLIR has exclusive original jurisdiction over controversies arising under worker's compensation law. Travelers Ins. Co. v. Haw. Roofing, Inc., 64 Haw. 380, 387, 641 P.2d 1333, 1338 (1982) (stating that the "exclusive original jurisdiction of workers' compensation tribunals has also been confirmed in other settings"); see also Taylor v. Standard Ins. Co., 28 F. Supp. 2d 588, 590-91 (D. Haw. 1997) (noting that "all

---

[2]In relevant part, section 386-56 states:

> Where an injured employee or the employee's dependents fail to receive prompt and proper compensation and this default is caused through no fault of the employee, the director shall pay the full amount of all compensation awards and benefits from the special compensation fund to the employee or dependent.

Haw. Rev. Stat. § 386-56.

6

matters regarding the entitlement of worker's compensation benefits are within the *exclusive* original jurisdiction of the DLIR" and therefore holding that the federal court lacked subject matter jurisdiction to adjudicate workers' compensation claims).

Larson is essentially claiming that Ching violated Hawaii's worker's compensation laws by failing to pay him compensation benefits from this Special Compensation Fund.  This is a controversy arising under Hawaii's worker's compensation laws, over which "the director of labor and industrial relations [has] original jurisdiction."  Haw. Rev. Stat. § 386-73.  Therefore, the Director of the DLIR must decide whether Larson is entitled to monies from this fund.  As stated in the court's April 16 Order, if Larson is dissatisfied with Ching's determination of his claim, Larson's only recourse is to appeal that decision to the Labor and Industrial Relations Appeals Board.  Larson v. Ching, No. 08-537, 2009 WL 1025872, at *3 (D. Haw. Apr. 16, 2009).  Because Larson's claim regarding entitlement to monies from the Special Compensation Fund is within the exclusive jurisdiction of the director of the DLIR, the court dismisses Larson's section 386-56 claim.

B.   Larson's ADA Claim is Dismissed.

To state a claim of disability discrimination under Title II of the ADA, Larson must allege that (1) he "is an individual with a disability"; (2) he "is otherwise qualified to participate in or receive the benefit of some public entity's

services, programs, or activities"; (3) he "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity"; and (4) "such exclusion, denial of benefits, or discrimination was by reason of [his] disability." McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004) (quoting Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002) (per curiam), cert denied, 538 U.S. 921 (2003)).  A plaintiff is not "qualified" to bring any Title II claim unless he or she "'meets the essential eligibility requirements' of a government service, program, or activity provided by a public entity."  Zimmerman v. Oregon Dep't of Justice, 170 F.3d 1169, 1175 (9th Cir. 1999).

        Larson alleges that he is entitled to receive money from the Special Compensation fund, a government fund.  Larson alleges that Ching discriminated against him on the basis of his disability by, among other things, "refusing to determine [Larson] suffered workmans compensation injuries[,]" and "refusing to provide compensation and benefits from the Special Compensation Fund[.]"  SAV Compl. ¶¶ 44-45.  Larson also alleges that Ching discriminated against him by "requiring [him] to undergo two employer physician examinations" and "refusing to accept [Larson's] specialist medical evaluations and reports."  Id. ¶ 42.

Even if Larson is qualified or eligible to receive money from the Special Compensation Fund, his claim must be dismissed, as the director of the DLIR has exclusive jurisdiction to decide whether Larson is eligible to receive monies from that fund. As stated above, it is within the director of the DLIR's discretion and jurisdiction to determine whether Larson is entitled, or eligible, to receive money from that fund. If Larson is dissatisfied with the determination, his remedy is to appeal that decision to the Labor and Industrial Relations Appeals Board. Therefore, to the extent he is asserting an ADA Title II claim on the basis that he is entitled to monies from the Special Compensation Fund, his claim is dismissed.[3]

In any event, Larson seems to be confusing his former employer's insurance carrier, Liberty Mutual, with Ching. Larson states earlier in the Second Amended Verified Complaint it was Liberty Mutual that required him to undergo two medical exams. Id. ¶ 9. In the same paragraph as the allegations against Ching, Larson states that it was Liberty Mutual that "request[ed] a second medical examination." Id. ¶ 42.

The court dismisses Larson's Title II ADA claim.

---

[3]Additionally, Larson has not properly alleged how Ching has discriminated against him on the basis of his disability. Larson alleges that Ching discriminated against him for failing to provide funds from the Special Compensation Fund, but says nothing about how Ching acted in violation of Title II of the ADA.

9

      C.    Larson's Claim that Ching Discriminated Against Him In Violation of Hawaii Civil Rights Laws Is Dismissed.

In Count III of the SAV Complaint, consisting of six paragraphs, Larson quotes a Hawaii statute, states that Ching "discriminated against [Larson] in violation of [that statute]" for the reasons stated in Count II, and says that he has filed a complaint with the Hawaii Civil Rights Commission. Larson quotes section 1 of chapter 361 of Hawaii Revised Statutes, which states:

> The legislature finds and declares that the practice of discrimination because of race, color, religion, age, sex, sexual orientation, marital status, national origin, ancestry, or disability in employment, housing, public accommodations, or access to services receiving state financial assistance is against public policy. It is the purpose of this chapter to provide a mechanism which provides for a uniform procedure for the enforcement of the State's discrimination laws. It is the legislature's intent to preserve all existing rights and remedies under such laws.

Haw. Rev. Stat. § 368-1. Larson maintains that Ching violated this statute for the same reasons asserted in Count II: namely that Ching failed to compensate Larson from the Special Compensation Fund. Such conclusory and blanket statements fail to establish a viable cause of action and do not allow this court to draw the reasonable inference that Ching is liable for violating any Hawaii civil rights law. See Iqbal, 129 S. Ct. at 1949.

10

Additionally, chapter 368 establishes the Hawaii Civil Rights Commission ("HCRC") and dictates the procedural process that a party must follow when bringing a complaint alleging unlawful discrimination before the commission. Larson contends that Ching violates chapter 368, but chapter 368 does not create claims. It is difficult, if not impossible, for the court to understand how Larson asserts that Ching violated Hawaii law that only sets forth procedures for the HCRC.

Even if Larson alleged enough facts to support an inference that Ching may be liable for violating Hawaii civil rights statutes other than those in chapter 368, Larson's failure to allege that he has exhausted administrative remedies would justify dismissal of his claim. Larson alleges that he has filed a complaint with the HCRC and has thus exhausted all administrative remedies prior to filing suit in federal court. SAV Compl. ¶ 51. However, to properly allege that he exhausted administrative remedies, he should state that he filed a timely complaint before the HCRC, that the HCRC addressed his claim, and that he was issued a right-to-sue letter.

Under Hawaii law, when a remedy is available from an administrative agency, a party must exhaust that remedy before seeking judicial relief. See <u>Kona Old Hawaiian Trails Group v. Lyman</u>, 69 Haw. 81, 93, 734 P.2d 161, 169 (1987). The Hawaii Revised Statutes provide that an individual claiming to be aggrieved by an unlawful discriminatory practice may file a

11

complaint with the HCRC, and that the HCRC's executive director shall investigate the issue.  See Haw. Rev. Stat. §§ 368-11 and 368-13.

A party must file a complaint with the HCRC within 180 days from the date on which the unlawful practice occurred, or the last occurrence of the discriminatory practice.  Haw. Rev. Stat. § 368-11; Ross v. Stouffer Hotel Co. Ltd., Inc., 76 Haw. 454, 460, 879 P.2d 1037, 1043 (1994).  If a plaintiff fails to file a complaint within the appropriate time, the complainant may be barred from filing civil suit.  See Reyes v. HMA, Inc., No. 07-229, 2008 WL 1883904 at *3 (D. Haw. Apr. 28, 2008) (holding that plaintiff's claims alleging unlawful discrimination were time barred when plaintiff failed to file an administrative complaint with the HCRC within 180 days of the unlawful discrimination).  Larson does not allege when he filed his complaint with the HCRC.

Even if Larson timely filed a complaint with the HCRC, he has not alleged that HCRC completed investigating his claim, or that he received a right-to-sue letter.  Section 368-12 allows the HCRC to issue a right-to-sue letter.  Haw. Rev. Stat. § 368-12 ("Within ninety days after receipt of a notice of right to sue, the complainant may bring a civil action under this chapter").  The Hawaii Supreme Court has held that the legislature's decision to authorize the HCRC to issue a notice of right to sue implies that the receipt of such a notice is a

precondition to the bringing of a civil action, at least for violations of chapter 378. Ross, 76 Haw. at 460, 879 P.2d at 1043; see also Linville v. Hawaii, 874 F. Supp. 1095, 1104 n.4 (D. Haw. 1994) ("Plaintiff has not presented this Court with notice of any such right-to-sue under H.R.S. §§ 378-2 and 378-62. Thus, Plaintiff's claims under these provisions must also be dismissed as premature."). Because Larson does not allege that the HCRC has completed its investigation of his claim, Larson does not sufficiently allege this state-law claim.

      D.    <u>Larson Fails to Assert a § 1983 Claim.</u>

In Count IV, Larson alleges that he has a "protected property interest in his employment and worker's compensation claim." SAV Compl. ¶ 55. Larson further alleges that, as Ching deprived him of his "protected property interest," he is "entitled to relief under the Constitution and 42 U.S.C. § 1983." Id. ¶¶ 57, 58. Section 1983 provides in relevant part:

> Every person who, under the color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress . . . .

To state a viable claim under § 1983, a plaintiff must allege (1) acts by the defendant (2) under color of state law (3) that deprived the plaintiff of federal rights, privileges or

13

immunities (4) that caused the plaintiff damage. Shoshone-Bannock Tribes v. Idaho Fish & Game Com'n, 42 F.3d 1278, 1284 (9th Cir. 1994). A plaintiff must allege "that the conduct [complained of] deprived [the plaintiff] of some right, privilege, or immunity protected by the Constitution or laws of the United States." Epileptic Found. v. City & County of Maui, 300 F. Supp. 2d 1003, 1016 (D. Haw. 2003) (quoting Thomas v. Nakatani, 128 F. Supp. 2d 684, 694 (D. Haw. 2000)).

Even if Larson has alleged the first two elements, Larson has not properly alleged that he has been deprived of a right, privilege, or immunity protected by law. Larson alleges that he has a protected property right in his compensation claim. However, it is unclear whether Larson completed the worker's compensation process. The documents attached to the SAV Complaint indicate that Larson has not yet completed that process. Without any allegation indicating that Larson has completed the worker's compensation process and that Liberty Mutual has refused to pay a valid claim, Larson cannot claim a property interest before this court.

IV.     CONCLUSION.

Because Larson asserts claims similar to those the court dismissed in its previous order and does not provide factual allegations concerning Ching's alleged discrimination against Larson, the court grants the motion to dismiss the Second Amended Verified Complaint, as it fails to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Because

Larson has had three opportunities to assert viable claims and has failed to do so, the court dismisses the entire action. The Clerk of Court is directed to close the case.

       IT IS SO ORDERED.

       DATED: Honolulu, Hawaii, October 5, 2009.



      /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

<u>Larson v. Ching, Director of the Department of Labor, State of Hawaii</u>, Civil No. 08-537 SOM/KSC; ORDER GRANTING DEFENDANT'S MOTION TO DISMISS.